UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | Case No. SA-02-CR-255-OG |
| RALPH DOUGLAS VURGICH, | * | |
| Defendant. | * | |

<u>MOTION TO REVOKE SUPERVISED RELEASE</u>

TO THE HONORABLE DISTRICT JUDGE ORLANDO L. GARCIA:

Plaintiff United States, by and through its undersigned counsel, hereby files this motion to revoke the Defendant's supervised release under FED. R. CRIM. P. 32.1 and 18 U.S.C. § 3583(e)(3). We would show the Court:

A. **Background**

1. *Failed pretrial bond.* While on pretrial release, the Defendant committed two series of bond violations, resulting in two arrests and his eventual detention without bond. On one occasion, he violated electronic monitoring by lying about his whereabouts; on another, he failed to report a contact with law enforcement.

2. *Imprisonment.* On or about October 9, 2003, the Court sentenced the Defendant for a Class C felony: use of an interstate facility to induce a minor to engage in a sexual act. A computer systems administrator for a national organization of foster homes for abused children, the Defendant used the internet in an attempt to induce a 13 year-old child to have sex with him. The Defendant obtained high-end imprisonment of 57 months. He served in confinement about 73% of his assessed imprisonment.

3. *Commencement, duration, conditions of supervised release.* On or about November 7, 2006, the Defendant began a three-year supervised-release term, during which he was obliged to comply with the mandatory and standard conditions of supervised release, abide by sex-offender restrictions, engage in sex-offender treatment, and participate in mental-health (depression) treatment.

4. *First modification.* On or about June 28, 2007, the Defendant advised the probation office that he had received at his home an unannounced visit from a woman (who had criminal charges pending against her) and her child of 15 months. The probation officer instructed the Defendant to cease any further contact with the woman or her child. On or about July 10, 2007, the Court ordered that the Defendant not associate with any child or children under the age of 18, except in the presence and supervision of an adult specifically designated in writing by the probation officer.

5. *Second modification.* Thereafter, the woman of the 15-month-old child resided with the Defendant at his residence four to five times per week, and he falsely represented to the probation office on his November 2007 monthly-supervision-report form that he was living alone.[1] In lieu of recommended revocation imprisonment of 4 to 10 months, the Defendant obtained a second modification. By order of November 28, 2007, the Court ordered that the Defendant not associate with the woman and participate in the home-confinement program with GPS for 120 days, which he completed on or about April 5, 2008.

---

[1]The Defendant failed to attend two scheduled sex-offender treatment and counseling sessions in July and August 2007. In mid-October 2007, the Defendant displayed Halloween decorations at his residence; the probation office directed the Defendant to remove them because of their tendency to attract children.

During a January 2008 polygraph test, the Defendant registered a deceptive negative response when questioned about whether he had traveled outside the district without permission since his last polygraph test of July 27, 2007. From November 2006 to June 2008, the Defendant has changed jobs several times (approximately 5 different places of employment).

B. **Most Recent Violations**

Counts 1-24. *Unauthorized Association with Minor Children*

About weekly from on or about June 2008 to on or about July 3, 2008, and without permission from the probation office or the Court, the Defendant admittedly associated and played with a woman's three children[2]–a boy aged 6, a girl aged 11, and a boy less than one year-old[3]–at the Defendant's residence[4]; at the woman's residence; and at such locations as a baseball game, a wrestling match, the movies, and McDonald's, all in violation of supervision conditions requiring that the Defendant: (1-12) refrain from associating with any child under age 18 except in the presence of an adult specifically designated in writing by the probation office; and (13-24) observe his probation officer's instructions.

C. **Discovery Notice**

Counsel for the Defendant is hereby invited to contact United States Probation Officer Robert Morales (472-6590 extension 379) for disclosure of evidence to be offered against the Defendant at his revocation hearing, as contemplated by FED. R. CRIM. P. 32.1(b)(2)(B).

D. **Requested Relief**

The United States urges the Court, after due hearing, to: (1) revoke the Defendant's supervised release; and (2) imprison him for not more than a statutory maximum of 24 months,[5]

---

[2] The Defendant noted that he first met this woman in January 2008, and first met her children in April 2008.

[3] The Defendant acknowledged holding this child.

[4] Where some of these children spent the night.

[5] With a Grade C violation as most serious and recent, the imprisonment range recommended in USSG § 7B1.4, p.s., for a category I offender is 3 to 9 months. The following reasons justify above-range revocation imprisonment at the 24-month statutory maximum:

consecutive to any other sentence imposed or to be imposed upon him.[6]

---

       1. *Leniency shown the Defendant during supervised release.*  Previously, the Defendant violated this Court's no-contact restriction, and lied about it to the probation office, for which the Defendant could have received recommended imprisonment of 4 to 10 months.  Instead, he reaped a modification for home confinement.

       2. *Defendant's prompt, persistent, and extensive unauthorized association with minor children.*  Shortly after he completed his home confinement, the Defendant resumed with vigor his unauthorized association with minor children.  The frequency, location, and type of these violations directly implicate concerns raised by the Defendant's instant federal offense of conviction.

       3. *Availabiility of intensive BOP sex-offender programming.*  The Defendant might benefit from intensive BOP sex-offender programming, for which BOP recommends that sex offenders be sentenced to imprisonment for *at least* 24 months.  *See United States v. Pena*, 125 F.3d 285, 287 (5th Cir. 1997) (affirming for similar reasons–BOP intensive drug treatment–Judge Biery's above-range revocation-imprisonment ruling).

       4. *Need to extend public maximum protection from Defendant's considerable risk of danger.*  The Defendant has frequently associated with minor children despite probation office directions and reprimands, sex-offender treatment and conditions, and a home-confinement modification.  Conditions of supervised release have been ineffective in preventing unauthorized association with minor children that could lead to catastrophic abuse.  Maximum incarceration is, therefore, warranted to protect the public.

       5. *Combination of reasons, proportionality.*  Our proposal of 24 months in prison:  (1) modestly exceeds the aggregate recommended range of 7 to 19 months for the Defendant's *two* series of supervised-release violations; (2) affords the Defendant the opportunity for BOP sex-offender, vocational, and other programming; (3) accords due respect for the conditions of supervised release, given the nature, timing, and frequency of the Defendant's violations; and (4) most important, extends the public the maximum protection it deserves without further encumbering limited probation-office resources.

[6]USSG § 7B1.3(f) & comment. (n.4); *United States v. Brown*, 920 F.2d 1212, 1217 (5th Cir. 1991).

Respectfully submitted,

JOHNNY SUTTON
United States Attorney


/s/ MICHAEL R. HARDY
Assistant United States Attorney


CERTIFICATE OF SERVICE

This is to certify that on August 25, 2008, a true and correct copy of the foregoing pleading was electronically filed with the Clerk of the Court using the CM/ECF System, which will transmit notification of such filing to the following CM/ECF participant: Michael J. Morris.


/s/ MICHAEL R. HARDY
Assistant United States Attorney
Pyramid Building, Sixth Floor
601 N.W. Loop 410
San Antonio, Texas 78216-5512
(210) 384-7150; FAX: (210) 384-7118

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | Case No. SA-02-CR-255-OG |
| RALPH DOUGLAS VURGICH, | * | |
| Defendant. | * | |

ORDER REVOKING SUPERVISED RELEASE
AND RESENTENCING THE DEFENDANT

On this day came on to be considered the United States' motion to revoke the Defendant's supervised release. After due hearing, including consideration of all statutorily-required factors and revocation policy statements, the Court finds that the Defendant has violated conditions of his supervised release as alleged by the United States, and that the ends of justice and the best interests of the public will not be served by continuing the Defendant on supervised release. Accordingly,

The Court ORDERS that:

1. The United States' motion to revoke supervised release is granted, and the Defendant's supervised release is revoked under 18 U.S.C. § 3583(e)(3).

2. The Defendant is remanded to the custody of the United States Bureau of Prisons (BOP) for TWENTY-FOUR (24) MONTHS of imprisonment in a jail-type facility and not a halfway house or like facility; without credit for time previously served on postrelease supervision (including time spent in home confinement); and consecutive to any other sentence or revocation, state or federal, imposed or to be imposed upon him.

The Court recommends that BOP extend the Defendant: (1) the opportunity to participate in

its sex-offender, vocational, and other programming; (2) *no* prerelease custody under 18 U.S.C. § 3624(c) because of (a) importance placed on the Defendant's receipt of BOP sex-offender, vocational, and other programming while confined and in the limited time available and (b) the need for public protection; and (3) such jail-time credit as he is due, commencing with his most recent supervision-violator arrest of on or about July 10, 2008.

    3. Any monetary sanctions imposed in this case that remain unpaid are reimposed, and such sanctions are due and payable immediately.

    SO ORDERED on August \_\_\_\_\_ , 2008.

_____
ORLANDO L. GARCIA
United States District Judge